Filed 8/31/21  In re M.B. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| IN RE M.B., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B307531 (Super. Ct. No. FJ56779) (Los Angeles County) |
| _____ | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff and Respondent, v. M.B., Defendant and Appellant. | |

"I'm going to bring a Glock 9 . . . to school tomorrow . . . and shoot you in the head."

M.B. appeals the juvenile court's order sustaining a wardship petition charging him with making a criminal threat in violation of Penal Code section 422 (hereinafter section 422).

(Welf. & Inst. Code, § 602.)  The court declared the offense a misdemeanor, placed appellant on six months' probation without wardship, and ordered him released to a parent.  Appellant contends the evidence is insufficient to support the finding that he made a criminal threat.  We affirm.

## STATEMENT OF FACTS

On September 5, 2019, appellant and E.M. were students at Burbank Community Day School.  Appellant was 14 years old and E.M. was in the 11th or 12th grade.  E.M. was acquainted with appellant, who told her he had been expelled from his previous school for bullying behavior.

During a break period that morning, E.M. sat at a table with a group of her friends.  Appellant was sitting at the same table across from her.  E.M. said hello to appellant and tried to give him a "high-five," but he said "no" and pushed her hand away.  Appellant mentioned a fellow student named Valerie, then laughed and told E.M. in a monotone voice that "[i]f I was going to shoot up the school, she would be first, and then it would be you, and then everybody else."

No one at the table laughed at the statement.  E.M. was scared, nervous, and confused.  She told appellant that she was not sure if he was joking, that he was making her nervous, and that she "would not like him to say things like that because they can be a real dangerous threat."  Appellant responded by repeating the statement in a more serious tone with his fists clenched.  E.M. told appellant:  "If you say anything like that again, I will tell the school, and you've scared me, and I'm going to leave this table."

E.M. left the table, walked to her next class about 40 feet away, and waited outside the front door for the bell to ring.  A

2

few minutes later, appellant walked up to E.M., clenched his fists, and angrily said, "I'm going to bring a Glock 9 . . . to school tomorrow . . . and shoot you in the head." E.M. was "terrified" and immediately went to the principal's office and reported the incident. She did not attend school the next day because she was afraid and anxious.

About a week after the incident, appellant approached E.M. at school and said "I was kidding, it was a joke." E.M. replied that she did not think appellant was joking but told him it was "okay" because she "didn't want to agitate him more." At one point E.M. sent appellant an Instagram message stating that she would write a letter on his behalf because she "didn't want to make his life harder than it had to be," but subsequently "regretted sending it."

Burbank Police Officer Dustin Rodriguez was assigned as a School Resource Officer at Burbank Community Day School. Officer Rodriguez interviewed E.M. and appellant and was present when the principal spoke to appellant. Appellant said his remarks to E.M. were made during a discussion with his friends about firearms and knives. He admitting telling E.M. that he would shoot her, but claimed he was merely "joking."

Appellant testified in his own defense. He claimed that his remarks were made during a discussion with his friends about school shootings. E.M., who was "not friends with" appellant and his friends and had never sat with them before, came to their table "in the middle of the conversation." While E.M. was sitting at the table, appellant jokingly told her he was going to bring a Glock 9 to school and shoot her in the head. Everyone laughed and he only made the statement once. After E.M. left and walked

3

to her next class, appellant "went up to her [and] told her [he] was kidding[] and . . . not to trip about it."

## DISCUSSION

Appellant contends the evidence is insufficient to support the finding that he made a criminal threat in violation of section 422.  We disagree.

"'"The same standard governs review of the sufficiency of [the] evidence in adult criminal cases and juvenile case:  we review the whole record in the light most favorable to the judgment to decide whether substantial evidence supports the conviction, so that a reasonable fact finder could find guilt beyond a reasonable doubt.  [Citations.]' [Citation.]" (*In re A.G.* (2020) 58 Cal.App.5th 647, 653 (*A.G.*).)  "'"We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]" [Citation.]  A reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support'" the [judge's] verdict.'"  (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)

To prove that a criminal threat was made in violation of section 422, the prosecution must establish "'(1) that the defendant "willfully threaten[ed] to commit a crime which will result in death or great bodily injury to another person," (2) that the defendant made the threat "with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out," (3) that the threat—which may be "made verbally, in writing, or by means of an electronic communication device"—was "on its face and under the circumstances in which it [was] made, . . . so unequivocal, unconditional, immediate, and specific as to convey to the person

4

threatened, a gravity of purpose and an immediate prospect of execution of the threat," (4) that the threat actually caused the person threatened "to be in sustained fear for his or her own safety or for his or her immediate family's safety," and (5) that the threatened person's fear was "reasonabl[e]" under the circumstances.' [Citations.]" (*In re George T.* (2004) 33 Cal.4th 620, 630.)

Appellant does not dispute that he told E.M. he was going to bring a Glock 9 to school the next day and shoot her in the head, that the threat conveyed to E.M. a gravity of purpose and an immediate prospect of execution of the threat, that E.M. was in sustained fear as a result of the threat, and that her fear was reasonable under the circumstances. He nevertheless contends that the evidence is insufficient to establish the second element of the crime, i.e., that he made the threat with the specific intent that it be taken as a threat. According to appellant, "the juvenile court found true an allegation that a fourteen-year-old boy made a criminal threat against a classmate on testimony that he made an extremely unfunny joke for which he apologized."

The juvenile court, however, expressly found that appellant was *not* joking when he made the threat and rejected appellant's testimony to the contrary as not credible. "We defer, as we must, to the trial [court's] credibility determinations. [Citation.] And we note there is nothing funny about threatening to take a gun to school in any event." (*A.G.*, *supra*, 58 Cal.App.5th at p. 650.) Moreover, "even if [appellant] made the [threat] as a joke, a reasonable trier of fact could conclude the joke was made with the intent that it be understood by [E.M.] as a threat." (*Id.* at p. 655.)

Contrary to appellant's claim, it is irrelevant that he subsequently apologized to E.M. for threatening to bring a gun to

5

school and shoot her.  Although he notes that "[o]ne may, *in private*, curse one's enemies . . . safe from section 422 sanction" (*People v. Teal* (1998) 61 Cal.App.4th 277, 281, italics added), appellant's threats were made directly to E.M.

Appellant also misplaces his reliance on *In re Ricky T.* (2001) 87 Cal.App.4th 1132.  The minor in that case—a 16-year-old student who told a teacher "I'm going to get you" after the teacher inadvertently hit him with a door—conceded that the evidence was sufficient to establish the first two elements of section 422, i.e., that he willfully threatened the teacher and did so with the specific intent that it be taken as a threat.  The Court of Appeal agreed with the minor, however, that the evidence was insufficient to establish the third and fourth elements of the crime, i.e., that the nature of the threat and the circumstances in which it was made conveyed a gravity of purpose and an immediate prospect of execution of the threat, and that the threat actually placed with teacher in sustained fear for his safety.  (*Id.* at pp. 1137-1141.)  In reaching its conclusion, the court reasoned among other things that "[a]ppellant's intemperate, rude, and insolent remarks hardly suggest any gravity of purpose" and that "[a]ppellant's statement was an emotional response to an accident rather than a death threat that induced sustained fear." (*Id.* at pp. 1138, 1141.)

Here, appellant did not merely make intemperate, rude, and insolent remarks.  He made a clear, unambiguous, and unequivocal death threat that plainly induced sustained fear in the victim.  He first told E.M. that "[i]f I was going to shoot up the school, [Valerie] would be first, and then it would be you, and then everybody else."  After E.M. conveyed that she did not think the remark was funny, appellant repeated it in a more serious

6

tone.  After E.M. left the the table, appellant followed her, clenched his fists, and angrily told her he was going to bring a Glock 9 to school the next day and shoot her in the head.  This evidence, when viewed in the light most favorable to the judgment, is plainly sufficient to support the juvenile court's finding that appellant made the threat with the specific intent that it be taken as a threat.  Appellant's claim of insufficient evidence thus fails.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

YEGAN, Acting P.J.

TANGEMAN, J.

7

Kevin Brown, Judge
Superior Court County of Los Angeles

_____

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, David E. Madeo, and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.